C. R. PATE v. A. W. KENNEDY.

*Executors and Administrators— Guardians—Penalty.*

The provision of the statute (*The Code*, §§ 1410, 1413, 1414 and 1590), requiring that all sales of personal estates by executors and administrators, and all sales and rentings of personal and real property by guardians, shall be made publicly. and, upon the terms therein prescribed, are peremptory and leave no discretion to such executors. guardians, &c., and if they fail to observe them, they become liable for the penalty provided to any one who will sue therefor.

This is a CIVIL ACTION, which was tried before *Bynum, J.*, at August Term, 1889, of LENOIR Superior Court.

The defendant, before this action began, was the guardian of Lillie E. Pate, an infant, and, as such guardian, "rented, *privately,* the land of his said ward."

The plaintiff sues to recover the penalty of $200, which he alleges the defendant incurred in failing to observe the statute (*The Code,* §§ 1590, 1410, 1414), in so "privately renting" the land of his ward.

The defendant insisted that what he so did was not done in violation of any statute of this State. The Court held otherwise—that he had incurred the penalty—and gave judgment against him, whereupon he excepted and appealed.

*Mr. George Rountree,* for the plaintiff.
*Mr. N. J. Rouse,* for the defendant.

MERRIMON, C. J —after stating the case: It is very clear that the Court below held properly that the defendant had incurred the penalty, as alleged in the complaint. The meaning and purpose of the statute prescribing and allowing it in the cases provided for are not doubtful. Its language is plain, clear and unequivocal, and little is left to interpre-

tation. It provides (*The Code*, § 1590) that "all sales and rentings shall be made and conducted in the same manner, upon like terms and notice, and under the same rules and regulations and the same penalties as prescribed for sales made by administrators and collectors." This provision, taken in connection with other provisions of the statute, obviously refers to the "sales and rentings" of property, real and personal, of the ward, with, which the guardian is charged, and of which he has control by virtue of his office. He generally has possession and control of his ward's property. It is his duty to manage it with care and prudence. It sometimes becomes necessary that he should sell parts of it and let the land for proper rents. He is not allowed to make such sales and lettings privately. On the contrary, he is expressly required to make them publicly, in the way sales are made by executors, administrators and collectors. The statute (*The Code*, § 1410) prescribes plainly that "all sales of personal estate by an executor, administrator or collector shall be *publicly* made, on a credit of six months, or for cash, after twenty days' notification, posted at the court-house and four other places in the county." It is further provided (*The Code*, §§ 1413, 1414) that "the proceeds of all sales of personal estate and rentings of real property by public auction shall be secured by bond and good personal security," and that "all sales or rentings provided for in the preceding section (§ 1413) shall be between the hours of ten o'clock A. M. and four o'clock P. M. of the day on which the sale or renting is to be made; and every executor, administrator or collector who otherwise makes any sale or renting shall forfeit and pay two hundred dollars to any person suing for the same." Guardians are expressly made subject to the "same penalties" thus prescribed and allowed, when and if they fail to so make all their "sales and rentings."

The purpose of these precise and stringent regulations is to give notice to the public of the time, place and terms of

such "sales and rentings," and thus encourage and promote competition and obtain better prices and higher rents for the property sold or let, and, also, to prevent the exercise of possible bad judgment, imprudence, lack of caution, collusion and fraud on the part of guardians, executors, administrators and collectors. This purpose is deemed very important. The law intends that it shall be observed and prevail; hence the severe penalty prescribed. In possible cases it might be more convenient, perhaps better, to make private sales and lettings, but the law does not, cannot, provide for such cases; it provides general rules and regulations, to be observed and applied uniformly in all cases.

The counsel of the defendant made an elaborate argument to satisfy us that the statutory provisions above mentioned and recited are modified, in material respects, by like statutory regulations that prevailed immediately before the present *Code* became operative, and which, he insisted, still prevail to a modified extent. This contention is unfounded, because the statute (*The Code,* § 3868) declares that "all public and general statutes not contained in this *Code* are hereby repealed, with the exceptions and limitations hereinafter mentioned." This exceptive provision in no way affects the subject under consideration.

It is said that the present statute is not generally observed. We trust this is not true; but if it is, unlawful practice cannot have the effect to repeal the statute, nor can it justify the Court in doing so, in effect, by unwarranted interpretation. If it is unwise, or too severe, the remedy lies only in appropriate legislation. It is our duty to administer the statute law of the State as we find it. It is not our province as a Court to declare that it is wise and expedient, or otherwise.

Affirmed.